208108

DKM/rl

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SALZGITTER MANNESMANN INTERNATIONAL (USA) INC., Plaintiff, | § § § § |
| v. | § § § C.A. NO. _____ Admiralty Rule 9(H) |
| M/V FANY, in rem, her engines tackle and apparel, et. al | § § § |
| v. | § § |
| CHANGSUNG SHIPPING CO., LTD., DAEYANG SHIPPING CO., LTD., KDB CAPITAL CORP., WESTERN BULK CARRIERS K/S, and WESTERN BULK CARRIERS, A/S Defendants | § § § § § § |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The plaintiff herein, by its attorneys, Hill Rivkins & Hayden LLP, complaining of the above-named vessel and defendants, alleges upon information and belief:

### I.

This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

### II.

Venue applies in Houston, Texas, since the vessel arrived in Houston on the voyage in question, and discharged all of the Plaintiff's cargo in Houston. LOU (*In Rem*) security was also provided in Houston on the original delivery of the goods in question.

### III.

At and during all the times hereinafter mentioned, plaintiff was the consignee and owner of the cargo in question and brings this action on its own behalf and on behalf of all who may become interested in the cargo. Plaintiff had and now has the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof.

### IV.

At and during all the times hereinafter mentioned, defendants Western Bulk Carriers KS, (hereinafter "WBC"), Changsung Shipping Co., Ltd., (hereinafter "Changsung"), Daeyang Shipping Co., Ltd., (hereinafter "Daeyang"), KDB Capital Corp. (hereinafter "KDB"), and Western Bulk Carriers A.S. (hereinafter "WBCA"), had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court during the pendency of this action.

### V.

On or about August 24, 2008, and at the port of Mariupol, Ukraine, there was delivered to the M/V Fany, and defendants WBC, Changsung, Daeyang, WBCA and /or KDB, in good order and condition, the shipment described in Schedule A, which the said vessel and defendants WBC, Changsung, Daeyang, WBCA and /or KDB received, accepted and agreed to transport for certain consideration to the Port of Houston.

### VI.

At the Port of Mariupol, Ukraine, or at subsequent load ports, WBC, Changsung, Daeyang, WBCA and /or KDB, and/or their subcontracted stevedores, negligently loaded Plaintiff's cargo, or negligently dunnaged and loaded the over-stowed cargo of others, with knowledge of the methodology of dunnaging accomplished on the underlying

2

Plaintiff's cargo. The negligent loading and dunnaging of Plaintiff's cargo, or the cargo of others, caused Plaintiff's cargo to be physically damage, and contributed to the damages found to have occurred when the cargo arrived in Houston.

### VII.

Thereafter, the said vessel arrived at the Port of Houston, where the cargo was delivered damaged by physical damage incurred during the voyage, and/or it was otherwise damaged. On information and belief, WBC, Changsung, Daeyang, WBCA and /or KDB, negligently handled Plaintiff's cargo, or negligently and improperly (and inconsistent with the dunnaging of the underlying Plaintiff's cargo), over-stowed another party's heavy cargo, (inconsistent with: 1) common-sense stowage principals, and 2) specific instructions to the contrary) causing Plaintiff's cargo to be damaged during the voyage, and contributing to the damages found to have occurred when the cargo arrived in Houston.

### VIII.

By their negligent handling and transportation of the cargo carried from Mariupol to Houston, defendants WBC, Changsung, Daeyang, WBCA and /or KDB caused and/or contributed to the damage to said shipment.

### IX.

By reason of the premises, the above-named vessel and defendants breached, failed and violated their duties and obligations as common carriers, and were otherwise at fault.

### X.

Plaintiff was the consignee or owner of the shipment, as described in Schedule A, and, brings this action on its own behalf and, as agent and trustee, on behalf of, and for, the interest of all parties who may be, or become, interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## XI.

Plaintiff has duly performed all duties and obligations on its part to be performed.

## XII.

By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $408,964.32.

## XIII.

Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants were bailees to the plaintiff's insured's cargo described in Schedule A at, before, and/or after, the cargo's delivery to the vessel, and/or at the Port of Houston as described in Schedule A. The bailment for mutual benefit between the plaintiff/cargo interests and the defendants was made express by oral contract, written contract, the bills of lading, or alternatively, was an implied contract. The defendants delivered the cargo described in Schedule A in a damaged condition which did not exist at the time of the plaintiff's/bailor's delivery to the bailee as described in Schedule A. The defendants breached their duties and obligations as bailees and were negligent.

## XIV.

As a result of the above breach and negligence, defendants proximately caused plaintiff's insured's property to be damaged, thus causing plaintiff, to suffer damages in the amount of $408,964.32, for which plaintiff prays for recovery.

## XV.

All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

WHEREFORE, plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages and attorneys' fees aforesaid, together with interest and costs and the disbursements of this action;

3. That process in due form of law according to the practice of this Court in causes of admiralty or maritime jurisdiction may issue against said motor vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters aforesaid, and this Court will be pleased to pronounce a judgment in favor of plaintiff for its said damages and attorneys' fees, together with interest, costs and disbursements, and the said motor vessel may condemned and sold to pay therefor;

4. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

DANA K. MARTIN
SDTX I.D. No.: 126
Texas Bar No.: 13057830
712 Main Street, Suite 1515
Houston, Texas 77002
Telephone: (713) 222-1515
Telefax: (713) 222-1359

ATTORNEY IN CHARGE FOR PLAINTIFF SALZGITTER INTERNATIONAL (USA), INC.

OF COUNSEL:

HILL RIVKINS & HAYDEN LLP

THE STATE OF TEXAS     \*
                                   \*

COUNTY OF HARRIS     \*

Dana K. Martin, being duly sworn, deposes and says:

He is an attorney and member of the firm of Hill Rivkins & Hayden LLP, attorneys for plaintiff herein; he has read the foregoing complaint and knows the contents thereof; and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, he believes them to be true.

The sources of deponent's information and the grounds for his belief as to those matters stated in the complaint, to be alleged on information and belief, are documents and records in his files.

Subscribed and sworn to before me, the undersigned authority, this 30th day of September, 2009.

ROSA LANDIN
MY COMMISSION EXPIRES
March 26, 2012

Notary Public, State of Texas
My Commission Expires 3/26/2012

6

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, Salzgitter Mannesmann International (USA) Inc., was and now is a Delaware Corporation or other entity with an office and place of business in Houston, Texas.

M/V Fany, was at all material times a general cargo vessel (bulker) sailing under the Korean flag. Her call sign is DSOX5. The vessel was built in 1994, and its gross tonnage is 25,895 tons.

Defendant, Western Bulk Carriers K/S, ("WBC") was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices at Western Bulk Carriers K/S, Karenslyst Alle 8B, P.O. Box 78 Skoyen, N-0212 Oslo, Norway.

Defendant, Changsung Shipping Co., Ltd., (hereinafter "Changsung"), was and now is a Korean corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices: 9th-10th Floors, Busan Trade Center Building, 87-7 Chungang-dong, 4-ka Chung-ku, Busan, 600-014, South Korea, or 2nd Floor Youone Bldg., 75-79 Seosomoon –dong, Chung-Ku, Seoul, South Korea.

Defendant, Daeyang Shipping Co., Ltd (hereinafter "Daeyang"), was and now is a Korean corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices: 111 Da-Dong, Chhong Ku, Seoul, South Korea, c/o Mr. B.S. Kim.

Defendant, KDB Capital Corp., was an now is a Korean corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office: 9th-10th Floors, Busan Trade Center Building, 87-7 Chungang-dong, 4-ka Chung-ku, Busan, 600-014, South Korea.

Defendant, Western Bulk Carriers A.S. (hereinafter "WBCA"), was an now is a Norwegian corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at Karenslyst Alle 8B, P.O. Box 78 Skoyen, N-0212 Oslo, Norway.

.

## DESCRIPTION OF SHIPMENT

| | |
|---|---|
| Vessel: | M/V FANY |
| Date of Shipment: | August 24, 2008 |
| Port of Shipment: | Mariupol, Ukraine |
| Port of Discharge: | Houston, Texas |
| Shipper: | Salzgitter Mannesmann International GmbH |
| Consignee: | Salzgitter Mannesmann International (USA), Inc. |
| Description of Shipment: | 2243 prime hot-rolled steel plates |
| Nature of Loss or Damage: | physically damaged |
| Amount: | $408,964.32 |